## ROCKWELL v. GRANGER.

Civ. A. No. 3205.

District Court, W. D. Pennsylvania.

Oct. 30, 1945.

John A. McCann and George R. Craig, both of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., and John W. Fisher, Sp. Asst. to Atty. Gen., for defendant.

McVICAR, District Judge.

After hearing, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. This is an action for the recovery of federal income taxes and interest thereon and arises under the Internal Revenue Laws of the United States.

2. At all times mentioned in the complaint plaintiff was, and now is, a citizen of the United States and a resident within the State and Western District of Pennsylvania.

3. At the time of the collections complained of, and continuously since January 1, 1943, the defendant, Stanley Granger, has been and now is, the duly appointed, qualified and acting Collector of Internal Revenue for the Twenty-third Collection District of Pennsylvania.

4. That for the calendar years 1938, 1939 and 1940, the plaintiff filed his federal income tax returns, reflecting income taxes due thereon for the said years as follows: for 1938, $8,752.92; for 1939, $23,592.44; and for 1940, $51,531.85. Plaintiff paid said taxes to the United States and they are not in controversy in this action.

5. On audit and review of plaintiff's said income tax returns for 1938, 1939 and 1940, the Commissioner of Internal Revenue assessed additional income taxes against the plaintiff as follows: for 1938, $1,261.35; for 1939, $4,799.47; and for 1940, $18,682.09. The details of said additional assessments appear on Exhibit "A" attached to and forming a part of Exhibit "A–1" which is attached to and forms a part of the complaint.

6. After notice and demand from the defendant as Collector of ·Internal Revenue, the plaintiff on January 9, 1943, paid to the said defendant Collector the said alleged deficiencies in income tax for said years, plus interest thereon, as follows: for 1938, tax $1,261.35 and interest $282.-89, or a total of $1,544.24; for 1939, tax $4,799.47 and interest $788.42, or a total of $5,587.89; and for 1940, tax $18,682.09 and interest $1,948.05, or a total of $20,-630.14.

7. Thereafter, on August 5, 1943, plaintiff filed a claim for the refund to him of said collected sums with interest thereon according to law. A copy of the claim for 1940 is attached to the complaint. The claims for 1938 and 1939 were the same as for 1940, with appropriate changes for year and amount.

8. In June, 1943, the Commissioner of Internal Revenue allowed a portion of plaintiff's claim for refund for 1940 in the amount of $554.93 (relating to the allowance of expenses of the trustee of the trust hereinafter mentioned, and its commission), which amount, together with interest thereon in the amount of $57.86 was repaid to the plaintiff. No part of the said refund related to the question of the taxability of the said trust income in general to any particular person.

9. The Commissioner disallowed the balance of the claim for 1940 on February 28, 1944, and disallowed the claims for 1938 and 1939 (both in full) on May 9, 1944. Said disallowances were each, by written notice, sent to the plaintiff by registered mail.

10. . No part of the additional taxes and interest above mentioned has been rebated, refunded or credited to plaintiff except as stated in paragraph 8, above. The balance of the said collections result from the inclusion by the Commissioner of Internal Revenue in the income of the plaintiff, of the income of ,a revocable trust made by plaintiff's wife, Mrs. Clara T. Rockwell, of which the Union Trust Company of Pittsburgh is trustee, except amounts due to minor miscellaneous adjustments appearing on the "notice of deficiency" in Exhibit "A" of the Complaint.

11. Prior to August 6, 1929, plaintiff made a gift to his wife, Clara T. Rockwell, of Ten—$1,000 Central States Electric Corp. 5% Convertible Debenture bonds and One Hundred—$1,000 Pittsburgh Coal Company Sinking Fund Debenture bonds; and also gave and assigned. to her all his right, title and interest in certain life insurance policies on plaintiff's life, which policies total $500,000. This gift was made unconditionally and without any restriction or limitation of any kind, and was made for the purpose of vesting absolute title in plaintiff's wife of the bonds and life insurance given.

12. On August 6, 1929, the plaintiff's wife, Clara T. Rockwell, entered into a written trust agreement, by the terms of which the Union Trust Company of Pittsburgh became the trustee and the said Clara T. Rockwell transferred said Central States Electric Corporation and Pittsburgh Coal Company bonds to said trustee, and also assigned to it all her right, title and interest in said insurance policies and changed the beneficiary of said policies from herself to the trustee. She delivered said bonds to the trustee and assigned to it the insurance policies aforesaid. Under the trust agreement the trustee was to receive the income, was first to pay the premiums on said policies of insurance and the expenses of the trust, and the balance was to be paid to Clara T. Rockwell during her lifetime and to lineal descendants after her death. The principal could also be used to pay premiums on the policies.

13. On April 28, .1934, the said Clara T. Rockwell and the trustee executed an amendment to said trust agreement; on July 24, 1940, they executed a further amendment to said trust agreement; and on August 17, 1940, they executed another amendment to said trust agreement. Under the amendment of April 28, 1934, the trustee was authorized to purchase any securities suggested or approved by plaintiff. Under the amendment of July 24, 1940, the trustee was required to consult with the brother-in-law of Clara T. Rockwell and her son on the matter of investments. The amendment of August 17, 1940 was made for the purpose of correcting a typographical error.

14. Clara T. Rockwell had other income from property owned by her which was not a part of the corpus of said trust estate from August 6, 1929 up to the date of the trial. Her income was sometimes greater and sometimes less than that of her husband, the plaintiff.

15. Clara T. Rockwell and the plaintiff have five children, whose ages in the year 1929 were about ten to twenty-one and their ages at the time of the trial ranged from twenty-five to thirty-six.

16. The trust agreement of August 6, 1929, as variously amended, gave no powers, privileges, benefits, right, title or interest to the plaintiff in either the corpus of the trust or the income derived therefrom or the management thereof.

17. The gift by the plaintiff to his wife of the aforesaid bonds and insurance policies was discussed a number of times before the gift was made. This was also true of the trust created by the wife after the gift, but no agreement was made between the plaintiff and his wife as to the gift and trust.

18. The taxpayer has agreed that the amount of any recovery to which he may be held entitled may be reduced by the amount of the refunds made to Clara T. Rockwell.

## Conclusions of Law.

I. The income assessed by the Commissioner of Internal Revenue, which is the basis for this action, was not income of the plaintiff.

II. The gift by the plaintiff to his wife of the $110,000 in bonds, mentioned in the findings of fact, and the $500,000 in life insurance assigned to her was done prior

to August 6, 1929. This gift and assignment was unconditional; it was complete; it was bona fide; it vested the title to the same in Clara T. Rockwell. The plaintiff, after said gift and assignment, had no further title in said bonds and life insurance, and from the date of said gift and assignment, the plaintiff has had no right or control of said property or the income therefrom.

III. The plaintiff did not, and does not, have any interest, control or direction in the trust property or trust created by his wife.

IV. The plaintiff is entitled to judgment against the defendant and an order for the entry thereof may be submitted by counsel.

### Opinion.

This is an action for the recovery of additional income taxes and interest thereon paid by the plaintiff to the defendant for the taxable years 1938, 1939 and 1940. The question for decision is: Was the income assessed as the income of the plaintiff his income, or was it the income of his wife or from a trust created by her.

Defendant contends that under the Revenue Act of 1938 and the Internal Revenue Code, as amended, that the income assessed as income of the plaintiff was properly assessed to him and is taxable. This Act reads, in part, as follows:

"Sec. 22. Gross income.

"(a) General definition.

"'Gross income' includes gains, profits, and income derived * * * from any source whatever." 26 U.S.C.A. Int.Rev. Code, § 22 (a).

"Sec. 167. Income for benefit of grantor.

"(a) Where any part of the income of a trust—

\* \* \* \* \* \*

"(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called 'charitable contribution' deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor." 26 U.S.C.A. Int. Rev.Code, § 167 (a) (3).

Treasury Regulations 101, provide:

"Art. 167–1. Trusts in the income of which the grantor retains an interest.— (a) Scope—Section 167 prescribes that the income, or any part of the income, of certain trusts shall be taxed to the grantor, not because the grantor has retained a certain interest in the corpus of the trust (as in section 166), but because of his retention of a certain interest in the income of the trust. This article deals with the taxation of such income. The term 'income', as used in this article, means any part or the whole of the income of the trust.

"(b) Test of taxability to the grantor. —The test prescribed by the Act as to the sufficiency of the grantor's retained interest in the trust income, resulting in the taxation of such income to the grantor, is whether he has failed to divest himself, permanently and definitively, of every right which might, by any possibility, enable him to have such income, at some time, distributed to him, either actually or constructively. Such a distribution to the grantor occurs within the meaning of section 167 if the income is paid to him or to another in obedience to his direction or if the income is applied in payment of premiums upon policies of insurance on the grantor's life."

The family of the plaintiff consisted of the husband and wife and five children. The plaintiff suffered some financial reverses in the year 1919. At the time of making the gift to his wife, his financial condition was such that he desired to make a gift to her for the protection of his wife and his family, so as to protect them in event that he suffered thereafter any financial reverses. Plaintiff's wife, at the time of making the gift, owned property of her own. She had an income which sometimes was more and sometimes less than his. The plaintiff, at the time of making the gift owned, inter alia, the $100,000 in bonds and $500,000 in life insurance (in which his wife was the beneficiary). This insurance and bonds the plaintiff gave to his wife absolutely without any condition, limitation or qualification whatever. Subsequent to the making of the gift the wife, of her own volition, conveyed said bonds and insurance to a trustee, which trust provided for a payment of the premiums on the life insurance, the expenses of the trust

and the balance to plaintiff's wife during her lifetime, and to lineal descendants after her death. The principal of the trust could also be used to pay premiums on the insurance policies. The plaintiff had no interest in the income of the trust. Previous to the creation of said trust, he had permanently and definitively divested himself of the trust property and of any interest therein or control or direction thereof.

The gift from plaintiff to his wife being absolute, without restriction or reservation of any interest in the property given, or any control or direction thereof thereafter, vested the complete title to said property in the wife. The subsequent trust created by her was created without any agreement or control or direction of the plaintiff; consequently, the income received from the bonds which were given and which were the subject of the trust was not income of the plaintiff but was income of the trust estate and said income was not taxable as income of the plaintiff.

The cases cited by the defendant are all distinguishable. Probably the case principally relied upon is Whiteley v. Commissioner, 3 Cir., 120 F.2d 782. The facts are much different from the case now before us, and said case was decided upon the facts as they were found to be therein. I am, therefore, of the opinion that judgment sould be entered for the plaintiff, with costs.

Let an order for judgment be prepared in accordance with the foregoing findings of fact, conclusions of law and this opinion.